18695—Van Wert National Bank v. Charles A. Stemen. Motion to direct Van Wert Appeals to certify record. Overruled.

Docketed July 9. 2 Abs. 468; OA. 2 Abs. 517. See 18726, post.

18698—Herman Herbig v. St. Bernard (City). Motion to direct Hamilton Appeals to certify record. Overruled.

Docketed July 14. 2 Abs. 452; OA. 2 Abs. 517.

18699—Henry Senkford, d. b. a. U. S. Wet Wash Laundry Co. v. Rudolph Shambacher. Motion to direct Cuyahoga Appeals to certify record. Overruled.

Docketed July 14. 2 Abs. 452; OS. Pend. 2 Abs. 484.

18705—James Mack and Henry Fredericks v. Akron (City). Motion to direct Summit Appeals to certify record. Overruled.

Docketed July 15. 2 Abs. 452.

18707—Benjamin F. Burkhart v. Wayne Coal Co. Motion to direct Jefferson Appeals to certify record. Overruled.

Docketed July 17. 2 Abs. 468; OS. Pend. 2 Abs. 486.

18726—Charles A. Stemen v. Van Wert National Bank. Motion to direct Van Wert Appeals to certify record. Overruled.

Docketed July 24. 2 Abs. 483; OA. 2 Abs. 517. See 18695, ante.

18727—Youngstown (City) et al v. Kahn Brothers Co. Motion to direct Mahoning Appeals to certify record. Susutained.

Docketed July 24. 2 Abs. 483.

18803—State of Ohio v. Amora B. Yooman. Motion for leave to file bill of exceptions to decision of Morrow Common Pleas. Sustained.

Docketed Oct. 28. 2 Abs. 674.

# Weekly Abstract Of Pending Cases

No. 734

WESTERN UN TEL. CO. v. NIXON

No. 18682. Supreme Court

Pending on motion to order Columbiana Appeals to certify. Docketed June 30, 1924.

703. LANDLORD AND TENANT—Was the telegraph company such a tenant of cellar, having such a control over the same, as to render it liable for defective condition of cellar door and cellar way?

This was an action for personal injuries brought by Nixon against the Western Union Telegraph Company. Nixon was injured in 1920 by tripping over the handle of a cellar door closing the opening to a cellar under a building located in Middletown, Ohio. The building was two stories high; it had two storerooms fronting on the main street, one of which was occupied by the Telegraph Co., and there was a stairway between them leading to rooms on the second floor, and there were several other tenants beside the Telegraph Co. in the building. The cellar door was located outside the building.

The cellar way and cellar door had been constructed by the owner, Forster, several years before the Telegraph Co. became a tenant. The cellar was used by the Telegraph Co. for storage purposes, and was also used by a sub-tenant of the company, but no rent was paid to the owner for its use. There was no lock on the cellar door and it was accessible to anybody on the street

The plaintiff claimed that the company was negligent in maintaining the cellar door in a defective condition. The case was tried to the court without the intervention of a jury and it found in favor of Nixon for $4,000. The company prosecuted error to the Appeals. In affirming the judgment, this court held that the Telegraph Co. was a tenant and was in control of the cellar, and therefore was responsible for its defective condition; that the settlement with the landlord and the release of the owner was a release pro tanto only and that the tenant was not released from his liability. The issues before the Supreme Court are:

1. Was the Telegraph Co. a tenant of the cellar and cellar door and under any duty as to the public of keeping the door in good condition and repair and free from danger?

2. Was the settlement with the owner of the building a bar to an action against the Western Union Telegraph Co.?

Attorneys—Francis R. Stark, Jos. L. Egan, Ireton & Schoenle, for Nixon; Oscar W. Kuhn, for the Telegraph Co.; all of Cincinnati.

No. 735

PERRY et v. MAGEE et al

No. 18703. Supreme Court

Pending on motion to order Ottawa Appeals to certify record. Docketed July 15, 1924. 2 Abs. 452.

983. QUIETING TITLE—Is proof of possession of real estate necessary in order to maintain an action to quiet title?

Magee brought an action in Ottawa Common Pleas to quiet title to certain marsh lands situated therein and to enjoin the Perrys and Velliquette from hunting and trapping on same. Magee claimed a deed from the Crane Creek Shooting Club. The Perrys claimed adverse possession, and moved for a verdict on the ground that by 11901 GC. Magee could not maintain his action because he did not show possession.

The Common Pleas found for the Perrys.

The Court of Appeals reversed the Common Pleas, on the ground that the evidence did show sufficient possession to constitute adverse possession.

## OHIO SUPREME COURT—Continued

The Perrys claimed error on the ground that Magee did not show possession, as required by 11901 GC., and that Magee's action should have been in ejectment.

Also that the action of the Court of Appeals was a violation of Art. 14, Sec. I, of the U. S. Constitution, and of Sec. 16, Art. I, Ohio Constitution, and constituted the takin⌐ of private property without due process of law.

Attorneys—Boggs & Doty, Toledo, and Lawrence C. Rupp, Port Clinton, for Perrys; Price & Stahl, Toledo, for Magee.